UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Ryan Gorman,                    :
        Plaintiff,              :
                                :
        v.                      :    File No. 2:03-CV-231
                                :
John Thamann and Jo Grady       :
Armstrong,                      :
        Defendants.             :


**OPINION AND ORDER**
(Paper 30 & 54)


Plaintiff Ryan Gorman filed this diversity action against John Thamann and Jo Grady Armstrong, seeking damages for various torts committed on her by Thamann, as well as negligence damages from Armstrong for failing to prevent Gorman's abuse by Thamann.  On June 10, 2005, this Court denied Armstrong's motion for summary judgment and granted in part and denied in part Gorman's motion to amend.  (Paper 30).  Armstrong has now filed a motion for reconsideration as to the granting of the amendment changing Count IV from a negligence count to a vicarious liability count.

The Court GRANTS Armstrong's motion for reconsideration.  (Paper 54).  For the reasons set forth below, the Court now DENIES Gorman's motion to amend as to Count IV.

DISCUSSION

The facts of this case were set forth in the Court's previous decision, and familiarity with those facts is presumed.

The standard for granting a motion for reconsideration is strict, and such a motion should not be granted when the moving party "seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider should only be granted when "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words that might reasonably be expected to alter the conclusion reached by the court." Id.; Latouche v. North Country Union High Sch. Dist., 131 F. Supp. 2d 568, 569 (2001).

In the June 10, 2005, decision, this Court found that Armstrong could be liable to Gorman in negligence, if Armstrong knew or should have known that Thamann, her employee, was abusing Gorman. (Paper 52, pp 15-17). This Court further held that a reasonable jury could find that Armstrong was responsible for making or supervising living assignments at Walden Farm, and was negligent in assigning

2

an adult male to sleep in the same room as two pre-pubescent girls. (Id.). The Court based this finding on Section 219(b) of the Restatement (Second) of Agency, which states that an employer may be subject to liability for torts of an employee acting outside the scope of his employment when the employer herself is negligent or reckless. Restatement (Second) of Agency § 219(2)(b). The Court then allowed Gorman to amend her complaint to replace the claim of negligence against Armstrong with a claim of vicarious liability, finding that such a claim would not be futile, based on Section 219(2)(b).

As Armstrong asserts in her motion for reconsideration, however, the Supreme Court has indicated that Section 219(2)(b) is a basis for direct liability, not vicarious liability. See Burlington Industr., Inc. v. Ellerth, 524 U.S. 742, 758-59 (1998). In Ellerth, the Supreme Court examined the different potential sources of employer liability for sexual harassment that existed under Section 219(2) of the Restatement. Id. The Court first looked to Section 219(2)(b), and explained that it imposes liability based on the employer's own negligence in allowing a tort to be committed. Id. The Court then distinguished this form

of liability from "the more stringent standard of vicarious liability," which would be imposed under Section 219(2)(d). Id. at 759.  Section 219(2)(b) imposes liability merely based on the employer's own negligence.  As such this Court erred in allowing an amendment for vicarious liability based on that section.

This does not end the inquiry, however.  In the previous decision, the Court declined to reach the question of whether Vermont law would permit the use of Section 219(2)(d) in this case.  Because Section 219(2)(b) will not save a claim for vicarious liability, however, the question must be addressed in determining whether the amendment is proper.

As noted in the previous decision, the Vermont Supreme Court recently adopted Section 219(2)(d) as a basis for vicarious liability.  Doe v. Forrest, 176 Vt. at 484-86. That section states that,

> A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
>
> . . .
>
> (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the

4

agency relationship.

Restatement (Second) of Agency § 219(2).  The court went on
to limit its holding to situations in which it could be
shown that "an on-duty law enforcement officer was aided in
accomplishing an intentional tort involving a sexual assault
on the plaintiff by the existence of the employment
relationship with the law enforcement agency."  Forrest, 176
Vt. at 500.

In deciding Forrest, the Vermont Supreme Court went to
great lengths to emphasize "the extraordinary power that a
law enforcement officer has over a citizen."  Id. at 491.
In examining decisions from other courts in which police
departments were held liable for the torts of law
enforcement officers, the court noted that those decisions
had relied on that power, as well as the unique access to
citizenry provided by virtue of the officer's position, and
the fact that citizens are "particularly vulnerable and
defenseless" when an officer is a tortfeasor.  Id. at 491-95
(citing Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 285
(1991)(en banc); Applewhite v. City of Baton Rouge, 380 So.
2d 119, 121 (La. Ct. App. 1979)).  The court then explained
that the community should bear the costs of any police

misconduct, because the public "derives substantial benefits from the lawful exercise of police power." Id. at 494-95.

This case does not involve a police officer, and therefore does not fall directly within the holding of Forrest.  The question, then, is whether Vermont law would allow the owner of a farm and ostensible leader of a school that housed and taught children as well as adults to be vicariously liable for the sexual assault on a child of one of her farmhands, when the farmhand also had some responsibility for teaching and overseeing the children.  I find that it would not.  The Vermont Supreme Court intended to limit Forrest to police misconduct, and pointed to California cases which did not apply Section 219 to torts not involving police officers.  Id. at 499 (citing John R. v. Oakland Unified School District, 48 Cal. 3d 438 (1989)(declining to apply § 219 in a case involving a teacher's assault on a high school student)).  Although Forrest did expand the scope of employer liability, it did not impose strict liability on all employers for all of the torts of their employees.  As such, a claim of vicarious liability is futile, and the amendment substituting the vicarious liability claim for the negligence claim must be

denied.[1]

CONCLUSION

For the foregoing reasons, Armstrong's motion for reconsideration (Paper 54) is GRANTED.  Gorman's motion to amend the complaint is DENIED as to the substitution of a claim for vicarious liability for the claim of negligence in Count IV.

Dated at Burlington, in the District of Vermont, on this 1st day of August, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

---

[1] As stated in the previous decision, however, Armstrong could still be liable for Thamann's torts if a jury found that she was in a position of authority at the farm, she knew or should have known that the abuse was occurring, and she was negligent or reckless in permitting or failing to prevent the abuse.  As such, the remainder of the June 10, 2005, decision denying Armstrong's motion for summary judgment and permitting several other amendments stands.